(74 South. 635)

No. 22306.

STATE ex rel. NORRIS v. GRAHAM.

(March 12, 1917.)

*(Syllabus by the Court.)*

PARENT AND CHILD ⊜2(4) — CUSTODY OF CHILD—JURISDICTION OF JUVENILE COURT.

The juvenile court for the parish of Washington has no jurisdiction over a mother and child, residents of the parish of St. Tammany; and their forced, or transient presence in the former, conferred no jurisdiction on the local court over them.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 25–32.]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Proceeding by the State, on relation of Quincy Norris, against Mrs. Maggie Goings Graham. Judgment awarding the custody of defendant's child to the relator, and defendant appeals. Reversed, and prosecution dismissed.

Sidney W. Provensal, of Slidell, for appellant. Ott & Johnson, of Franklinton, for appellee.

LAND, J. Defendant appeals from a judgment depriving her of the custody of her child, Clay Goings, by a former marriage, on the ground of her moral unfitness, and awarding the custody of the boy to one Quincy Norris.

The appellant assigns as error the overruling of her exception to the jurisdiction of the court, which reads in part as follows:

"That this honorable court acting in the parish of Washington has no jurisdiction; that she and her husband are residents of the parish of St. Tammany, La.; that the child mentioned in the affidavit, her son Clay Goings, was with her in the said parish of St. Tammany; and that she brought him to this honorable court in answer to a habeas corpus which was dismissed; and while she was in the parish of Washington, the present affidavit was filed."

The minutes of the court of date September 18, 1916, contain the following entries:

"On motion of Ott & Johnson, counsel for plaintiff, Quincy Norris, the writ of habeas corpus previously filed herein is dismissed at mover's costs."

On the same day the case presented by the affidavit of Quincy Norris, to deprive Mrs. Graham of the custody of her child, was taken up and proceeded with as shown by the following minute entries:

"This matter is taken up and testimony heard, and the child, Clay Goings, is left in the custody of Quincy Norris pending the settlement of this matter.

"By agreement of counsel, the assignment of the case is stricken out, and the case set for Tuesday, September 26, 1916, at 10 o'clock a. m."

When the juvenile court convened on September 28, 1916, counsel for defendant filed the exception to the jurisdiction of the court, which was taken up and overruled by the presiding judge. Defendant thereupon filed an answer to the charges contained in the affidavit, and the case was taken up and proceeded with, the testimony of plaintiff's witnesses was heard, and the case left open for witnesses for the defendant, said witnesses to be heard by agreement at Slidell, La.

Here the minute entries close.

It appears from the statement of facts in the record, signed by counsel for both parties, that the judge heard the defendant's witnesses at Slidell, and that no witness appeared against her.

On October 3, 1916, the juvenile court, after expressing the opinion based on the evidence, "that the health, morals, and physical well-being of the child, Clay Goings, would be jeopardized if placed in the custody of its mother," ordered and decreed that the care and custody of the child be awarded to Quincy Norris.

It appears from the statement of facts that in the year 1913, the defendant, recently divorced from her second husband, while very sick at her mother's house in the parish of Washington, consented that Mrs. Quincy

Norris take charge of the child, Clay, then about two years old.

It further appears from the statement of facts that after the mother recovered from her illness she took no steps to recover the child until in the month of September, 1916, she went from her home in Slidell to the home of Mrs. Norris, and told her that she wanted her child.

After some little trouble, a relative of Mrs. Norris took the child over to a house where the defendant was stopping, and delivered the child to her, and she carried the child to her home in Slidell.

The statement of facts shows that about a week later, Quincy Norris sued out a writ of habeas corpus in the parish of Washington, and had it served on defendant in the parish of St. Tammany, who, without consulting counsel, obeyed at once the order of court and took the child at once to Franklinton, the parish seat.

Thereupon the writ of habeas corpus, having served its purpose, was abandoned.

The defendant and her child were brought within the territorial jurisdiction of the juvenile court of the parish of Washington by an abuse of the process of habeas corpus; and the first plea she filed was the exception to the jurisdiction of the court.

This plea should have been sustained and the proceedings dismissed, as it is obvious that the juvenile court of one parish has no jurisdiction over the residents of another parish, for the purpose of enforcing the provisions of article 118 of the Constitution.

And it is equally obvious that such jurisdiction cannot be vested by a forced or transient presence in another parish.

Under the Code of Practice (article 162) the law requires all personal actions to be brought against the defendant at his domicile; and article 9 of the Constitution requires all criminal trials to "take place in the parish in which the offense was committed."

Hence, whether we take this case as a civil or as a criminal one, or as a quasi criminal proceeding, the juvenile court for the parish of St. Tammany is the only tribunal having jurisdiction of this cause.

It is therefore ordered that the judgment appealed from be reversed, and that the prosecution herein be dismissed, and that all costs in both courts be paid by the relator.

SOMMERVILLE, J., concurs.