(81 South. 385)

No. 22918.

STATE ex rel. BANNISTER et al. v. NORRIS.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. INFANTS ⚖=19 — MINORS — DELINQUENT CHILDREN—LAPSE OF PROCEEDING—CONSTITUTIONAL PROVISIONS.

Under Const. art. 118, § 4, the affidavit is the basis of a judicial proceeding against neglected or delinquent children, so that on the death of the mother an affidavit based on her possession of the child, and seeking to take possession from her on ground of her immorality, lapsed and no longer served as the basis of the proceeding, so that further proceedings had in chambers were void.

2. HABEAS CORPUS ⚖=99(8)—POSSESSION OF CHILD.

A husband and wife who had adopted a minor by notarial act in accordance with Act No. 31 of 1872, with the consent of mother and stepfather, its father being dead, and who had received custody from the mother after dismissal of proceedings by a probation officer for possession of the child, who were of good character and willing and able to care for it, were entitled to its possession.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Prentiss B. Carter, Judge.

Habeas corpus by the State, on the relation of Mr. and Mrs. B. A. Bannister, against Quincy Norris for the restoration of a child alleged to have been adopted by relators. Judgment for defendant, and relators appeal. Judgment set aside, and defendant ordered to deliver possession of the child to relators.

Sidney W. Provensal, of Slidell, for appellants.

Fred J. Heintz, Probation Officer, of Covington, for appellee.

PROVOSTY, J. The judge of the Twenty-Sixth judicial district, composed of the parishes of Washington and St. Tammany, sitting as judge of the juvenile court of the former parish, took away the child Clay Goings from its mother, Maggie Graham, and awarded its custody to the defendant in this case, Mr. Quincy Norris. As the mother was living with her child in the parish of St. Tammany, this court, on appeal (see Norris ex rel. v. Graham, 141 La. 73, 74 South. 635), annulled the judgment, for the reason that the juvenile court of Washington has no jurisdiction of a mother and child living in the parish of St. Tammany. The judgment of this court was handed down in March, 1917. One month later, on April 16th the relator in the present proceeding, Mr. B. A. Bannister, and his wife, adopted the child by notarial act, in accordance with the provisions of Act No. 31 of 1872, with the consent of the mother and stepfather of the child, its father being dead; and the child, five years old, was turned over to them by the mother. Ten days before this adoption, on April 6th, the probation officer of the parish of St. Tammany had made an affidavit before the juvenile court of said parish to the effect that the mother of the child, Maggie Graham, was an immoral and unfit person to have the care and custody of the child, and asking that the child be put in his possession. Upon this affidavit the judge made an order directing Maggie Graham to deliver the child to the probation officer. Nothing was done under this order. On May 28, 1917, the juvenile court for the parish of St. Tammany made another order directing the mother of the child, "or any person having possession of the child, to produce the child before him on June 11, 1917." Before the latter date, the mother of the child died; but Mr. and Mrs. Bannister, on being told by the deputy sheriff to appear in court with the child on this last-mentioned date, did so, and after a hearing, in chambers, to which Mr. and Mrs. Bannister, so far as appears, were mere spec-

tators, and in which testimony was heard only on one side, and mostly upon the immoral conduct of the dead mother, the child was once again given to Mr. Norris. The present proceeding is a habeas corpus at the instance of Mr. Bannister directed against Mr. Norris for the restoration of the child, and the answer is that the child is being held by virtue of the judgment rendered in chambers upon the affidavit against the dead mother and upon evidence of the at one time immoral character of this dead mother, it not even appearing whether this immorality had been before or after her marriage to Mr. Graham.

[1, 2] The Constitution, art. 118, § 4, requires that—

"All proceedings against neglected and delinquent children shall be by affidavit * * * briefly setting forth in general terms the facts constituting said neglect or delinquency."

The affidavit in such a case is therefore the basis of the judicial proceeding, and the facts which the court is called upon to investigate are those briefly set forth in the affidavit. It plainly results from this that the moment the mother of the child died the affidavit, based on the alleged facts that she had possession of the child and was immoral, lapsed, and could no longer serve as the basis of a judicial proceeding. The said proceedings in chambers were therefore null and void, and the judgment drawn up in pursuance of them is so much waste paper. Mr. Bannister and his wife being the adopted parents of the child, and there being evidence that they are people of good character and willing and able to take care of the child, and none to the contrary, they are entitled to the possession of the child.

· It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the defendant Quincy Norris be ordered to deliver to the relator

144 LA.—29

B. A. Bannister the possession of the child Clay Goings, and that the defendant Quincy Norris pay the costs of this court.